# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LARRY MORITZ, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. 20-cv-2139-JWB-TJJ |
| | ) |
| ENTERPRISE LEASING COMPANY | ) |
| OF KS, LLC, et al., | ) |
| | ) |
|       Defendants. | ) |

## NOTICE AND ORDER TO PLAINTIFF TO SHOW CAUSE

**To Plaintiff Larry Moritz**

On March 24, 2020, Plaintiff Larry Moritz filed a Complaint naming as Defendants Enterprise Leasing Company of KS, LLC; EAN Holdings, LLC; Enterprise Rent-a-Car Company of Montana/Wyoming; and Dr. Vinyl Enterprises LLC.[1] The Complaint fails to allege facts sufficient for the Court to determine that diversity of citizenship exists, as 28 U.S.C. § 1332 requires. The Complaint alleges that Plaintiff is a resident of Missouri.[2]

The Complaint also alleges that "at all times relevant hereto, Defendant Dr. Vinyl Enterprises LLC ("DV"), was a Kansas for-profit corporation, licensed and registered to do business in the State of Kansas."[3] On April 3, 2020, Dr. Vinyl Enterprises LLC filed both its

---

[1] ECF No. 1. Plaintiff has since moved to dismiss his claims against Enterprise Rent-A-Car and EAN Holdings, LLC (ECF No. 11), and on April 15, 2020, the motion was granted (ECF No. 12).

[2] *Id.* ¶1.

[3] ECF No. 1 ¶2.

Answer, admitting it is a Kansas LLC,[4] and its Corporate Disclosure Statement, stating it has no corporate parent. In neither document did Dr. Vinyl Enterprises LLC identify its members.[5]

On April 14, 2020, Defendant Enterprise Leasing Company of KS, LLC filed its Corporate Disclosure Statement, stating that Enterprise Holdings, Inc., a Missouri corporation, is the sole member of the LLC.[6] Neither that filing nor its answer identifies the state where Enterprise Leasing Company of KS, LLC has its principal place of business.

For diversity jurisdiction purposes, a person is a citizen of the state where he resides.[7] The citizenship of a business entity is determined by its organizational structure. If the business is a corporation, it is a citizen of the state where it is incorporated and the state where its principal place of business is located.[8] If the business is a limited liability company, its citizenship is determined by the citizenship of each member of the LLC.[9]

Here, the Complaint identifies Plaintiff as a resident—and therefore a citizen—of the state of Missouri. Defendant Enterprise Leasing Company of KS, LLC's organizational structure as a limited liability company requires the Court to consider the citizenship of each of its members. Doing so reveals that a Missouri corporation is Enterprise Leasing Company of KS,

---

[4] ECF No. 7 ¶3.

[5] ECF No. 8.

[6] ECF No. 10.

[7] *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).

[8] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[9] *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *see also Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001).

LLC's only member. Accordingly, there does not appear to be diversity of citizenship between Plaintiff and Defendant Enterprise Leasing Company of KS, LLC.

In addition, neither Plaintiff nor Defendant Dr. Vinyl Enterprises LLC identifies the citizenship of any of the members of Dr. Vinyl Enterprises LLC. The allegations thus fail to establish Defendant Dr. Vinyl Enterprises LLC's citizenship for diversity jurisdiction purposes.

Plaintiff bears the burden to establish that federal court jurisdiction is proper.[10] In addition, the Court has an independent obligation to satisfy itself that subject matter jurisdiction is proper,[11] and, "without jurisdiction, must dismiss the case."[12]

The Court cannot determine the citizenship of Defendant Dr. Vinyl Enterprises LLC from the pleadings. Moreover, the pleadings indicate a lack of diversity between Plaintiff and Defendant Enterprise Leasing Company of KS, LLC. Consequently, the Court cannot conclude that Plaintiff and all Defendants are diverse for purposes of subject matter jurisdiction. The Court thus directs Plaintiff to show cause in writing **on or before May 15, 2020** why the Court should not dismiss this case because it lacks subject matter jurisdiction over the action.

**IT IS THEREFORE ORDERED** that **on or before May 15, 2020,** Plaintiff Larry Moritz is required to show good cause in writing to U.S. District Judge John W. Broomes why the court should not dismiss this action for lack of subject matter jurisdiction.

---

[10] *Wanjiku v. Johnson County, Kansas,* 173 F. Supp.3d 1217, 1223 (D. Kan. 2016).

[11] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[12] *Wanjiku,* 173 F. Supp.3d at 1223.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 30th day of April, 2020.

*Teresa J. James*

Teresa J. James
U. S. Magistrate Judge

4