IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY MORITZ,

      Plaintiff,

v.                                                      Case No. 20-2139-JWB

ENTERPRISE LEASING COMPANY
OF KS, LLC, et al.,

      Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on Plaintiff's unopposed motion to remand (Doc. 15) and Plaintiff's response to the order to show cause (Doc. 16.) This matter is dismissed for lack of subject matter jurisdiction for the reasons stated herein.

Plaintiff filed this action on March 24, 2020, asserting negligence claims against Defendants. Although Plaintiff does not set out the statutory authority under which this court has jurisdiction, Plaintiff has only asserted state law claims against Defendants; therefore, this court's jurisdiction can only be based upon the diversity jurisdiction statute, 28 U.S.C. § 1332.

After initially filing the complaint against four Defendants, Plaintiff voluntarily dismissed two Defendants. (Doc. 11.) The remaining Defendants are Enterprise Leasing Company of KS, LLC ("Enterprise"), and Dr. Vinyl Enterprises LLC ("DV"). Although Plaintiff alleges that Defendants are LLCs, Plaintiff also states that Defendants are in fact corporations. (Doc. 1.) In determining citizenship for diversity purposes, a corporation is a citizen of the state where it is incorporated and where its principal place of business is located. *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). With respect to limited liability companies, the citizenship is

determined by each member of the LLC. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

In the complaint, Plaintiff alleges that he is a resident of Missouri and that DV is a for-profit Kansas corporation. In its answer and corporate disclosure statement, DV states that it is a Kansas LLC but does not identify its members. (Docs. 7 at 1, 8.) With respect to Enterprise, Plaintiff alleges that it is a Delaware for-profit corporation. In its corporate disclosure, however, Enterprise states that Enterprise Holdings, Inc., a privately held Missouri corporation, is the sole member of Enterprise. (Doc. 10.)

On April 30, 2020, Magistrate Judge Teresa James entered an order to show cause. (Doc. 14.) In that order, Magistrate Judge James stated that the pleadings show that the parties are not diverse in that both Plaintiff and Enterprise are citizens of Missouri. Also, the complaint fails to identify the members of DV. Plaintiff was ordered to show cause why the complaint should not be dismissed due to lack of subject matter jurisdiction. (Doc. 14 at 3.)

"Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). In response to the show cause order, Plaintiff concedes that there is a lack of diversity due to Plaintiff's citizenship and Enterprise's citizenship both being Missouri. (Doc. 16.) Instead of agreeing to a dismissal of the action, however, Plaintiff has moved to remand this matter to state court, specifically to the District Court of Johnson County, Kansas. (Doc. 15.) In his motion, Plaintiff states that Defendants do not oppose the motion to remand.

This action was not originally filed in state court. Rather, it was filed in this court. Plaintiff cites no authority which would allow this court to "remand" an action to state court when it was

never originally filed in state court.  The court cannot remand a matter that did not originate in state court.

As Plaintiff concedes that the parties are not diverse, this court lacks subject matter jurisdiction over this action.  Therefore, this action must be dismissed.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety.")

Plaintiff's unopposed motion to remand (Doc. 15) is DENIED. This matter is DISMISSED, without prejudice, for lack of subject matter jurisdiction.

IT IS SO ORDERED this 21st day of May, 2020.

                                                  ___s/ John W. Broomes_____
                                                  JOHN W. BROOMES
                                                  UNITED STATES DISTRICT JUDGE